IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROGER C. MANSELL                                                                           PLAINTIFF

v.                                            CIVIL NO. 21-5221

ANDREW M. SAUL, Commissioner                                                   DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now before the Court Plaintiff's request for leave to proceed *in forma* pauperis ("IFP"). Plaintiff's Complaint was provisionally filed as of December 7, 2021. (ECF. 2).

Plaintiff's IFP application reveals that he is married and while he receives only $1,364.00 per month in social security retirement benefits, Plaintiff's wife receives $2,368.00 in social security disability and $3,207.00 from long term disability on a monthly basis. (ECF No. 3). Plaintiff's monthly household income is $6,939.00, while his monthly household expenses are $5,299.00. This leaves income of $1,640.00 over and above Plaintiff's monthly household expenses.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F. 2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statue, he or she must show that paying the filing fee would result in undue financial hardship. *Williamson*, 786 F.2d at 1338. It is appropriate to include the spouse's equity in real property, ownership of automobiles, and combined family income when considering the question of indigence. *Roberson v. Commr. of Soc. Sec.*, 3:19-CV-813-CHB-CHL, 2019 WL 7485337 (W.D. Ky. Dec. 16, 2019). Here, Plaintiff has income of his

own, and a net disposable household income of $1,640.00 per month based upon the information in his application.

Plaintiff indicates he has only $200.00 in a checking or savings account but states he and his wife own their home, a 2019 GMC pickup, a 2005 Honda Odyssey, and a 2021 camper trailer. While the Court acknowledges the majority of Plaintiff's household income derives from payments made to Plaintiff's spouse, Plaintiff has offered no reason as to why he would be unable to pay for the filing of his complaint with part of the $1,640.00 in net disposable monthly income. *See Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756 at *3 (N.D. Ind. August 18, 1993)("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. §1915"). For these reasons, we find that a waiver of the filing fee in this case would be inappropriate.

Accordingly, the undersigned recommends that Plaintiff's motion for leave to proceed IFP be DENIED and Plaintiff tender the filing fee of $402.00 on or before January 25, 2022. Should Plaintiff fail to comply within the required period of time, his complaint will become subject to summary dismissal for failure to obey a court order.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of December 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE